UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON SAMUEL JAMES SINGLETON PERKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELA CRUZ, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-01756-HBK (PC)<br><br>ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[1]<br><br>(Doc. Nos. 2, 7)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

　　Plaintiff Devon Samuel James Singleton Perkins, a state prisoner currently confined at the Kern Valley State Prison ("KVSP"), operated by the California Department of Corrections and Rehabilitation ("CDCR"), initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on December 5, 2025. (Doc. No. 1). On the same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). Plaintiff filed a second motion to proceed *in forma pauperis* on December 15, 2025. (Doc. No. 7). The undersigned recommends the district court deny Plaintiff's IFP motions under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes and the complaint does not establish that

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

Plaintiff meets the imminent danger exception.

## BACKGROUND

Plaintiff's complaint lists the following as Defendants: A. Dela Cruz; D. Diaz; A. Najera-Lopez; and B. Marsden. (Doc. No. 1 at 2). The complaint alleges an excessive force claim in violation of the Eighth Amendment against all Defendants. (*Id.* at 3-5).

On July 4, 2025, Plaintiff asked to talk with the "C-Fac Sergeant" and walked past Defendants Diaz and Najera-Lopez in C-yard, who "jumped" at Plaintiff. (*Id.* at 3-4). Plaintiff jumped out of the way and continued to walk to the C-Fac-Program office. (*Id.*). Plaintiff asked correctional officers to call the C-Fac Sergeant so he could speak with him. (*Id.*). Defendants Diaz and Najera-Lopez refused to get the Sergeant for Plaintiff. (*Id.*). An alarm went off in C-Fac-CI as Plaintiff was standing in front of the C-yard program office but was not stopping any officer from responding to the alarm. (*Id.*). As Defendants Dela Cruz, Diaz, Najera-Lopez, and Marsden approached Plaintiff, Plaintiff told Defendant Diaz "I'm medical, I don't have to get down. I'm not moving. You know I'm medical. Only female staff have a right to touch me. I don't cuff behind my back." (*Id.* at 4). Plaintiff accused Diaz of:

> setting [him] up to have [him] jump by both these men 'Defendants' (because [he's] non-binary-black & gay) (& [he] use to run with the Crips" (& [he's] not a 2.5er).

(*Id.*). Defendant Diaz let Defendants "beat him" (*Id.*). Dela Cruz "push [Plaintiff] into having a 'absolutely-seizure,'" tried to "pop out Plaintiff's upper rotator cuff" while attempting to cuff him, and that "busted Plaintiff's face open." (*Id.* at 3-5). During the incident, Defendant Dela Cruz was saying "beat him-beat him." (*Id.* at 5).

Plaintiff seeks $450,000 from each Defendant for their hate crime against him and $500,000 from each Defendant for false imprisonment and mental anguish. (*Id.* at 6).

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. §

2

1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A. Applicable Three Strikes Law

The "Three Strikes Rule" states:
> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal); *Spencer v. Barajas*, 140 F.4th 1061, 1068 (9th Cir. 2025) (finding a voluntary dismissal under Rule 41(a)(1) was not a strike because the dismissal was not "'on the grounds that' the case was frivolous, malicious, or failed to state a claim"). It is immaterial whether the dismissal for failure to state a claim was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is

3

"dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing the imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier times are immaterial, as are any subsequent conditions. *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

////

////

////

**B. Plaintiff Has Three or More Qualifying Strikes**

A review of the PACER Database[2] reveals that Plaintiff has incurred at least three strikes prior to filing the instant action:

- *Singleton Perkins v. Pfeiffer et* al., No. 1:21-cv-00025-DAD-SAB (E.D. Cal. Aug. 24, 2021) (Doc. No. 16) (dismissed for failure to prosecute/comply with a court order after Plaintiff's original complaint and first amended complaints were dismissed for failing to state a claim and Plaintiff failed to file a second amended complaint);[3]

- *Singleton v. Baugham et al.*, No. 2:18-cv-02633-TLN-DB (E.D. Cal. Oct. 26, 2021) (Doc. No. 19) (dismissed for failure to prosecute/comply with a court order after Plaintiff's original complaint was dismissed for failing to state a claim and Plaintiff failed to file an amended complaint); and

- *Perkins v. Asuncion*, No. 5:18-CV-02203-JVS-SP (C.D. Cal. Mar. 22, 2022) (Doc. No. 21) (dismissed for failure to state a claim and additionally noting claims are facially *Heck* barred).

**C. The Imminent Danger Exception Does Not Apply**

Due to Plaintiff's three-strike status, he may not proceed IFP unless the complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury on the date the Complaint is filed. *Andrews*, 493 F.3d at 1052-53. Liberally construing the complaint, the undersigned finds that it contains no plausible allegations sufficient to allege Plaintiff faced imminent danger of serious physical injury at the time he filed this action.

The complaint alleges a claim of excessive force against Defendants that occurred on July 4, 2025. Plaintiff did not file this action until December 2025. There are no allegations in the complaint that would indicate Plaintiff was under threat of imminent danger based on the July 4,

---

[2] https://pacer.uscourts.gov.

[3] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)").

2025, excessive force incident at the time he filed the complaint. See *Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted,* No. 2:22-CV-1672-TLN-DB, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (finding complaint filed in September alleging two excessive use of force incidents in July failed to meet imminent danger exception). Without more, the allegations that Defendants used excessive force against Plaintiff on a single occasion five months earlier fails to indicate the existence of an ongoing threat of imminent danger. This is because the availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056; *see also Gonzales v. Castro*, No. 1:09-cv-01545-AWI-MJS, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010) (finding a single incident of excessive force by prison staff occurring three months before filing of complaint insufficient to show an ongoing threat), *report and recommendation adopted*, 2010 WL 3341862 (E.D. Cal. Aug. 25, 2010); *Garrett v. Pat. Horn, Warden of Kern Valley State Prison*, No. 1:25-cv-00128-HBK (PC), 2025 WL 868899, at *13 (E.D. Cal. Mar. 20, 2025) (finding a single incident of excessive force occurring months prior to the filing of the complaint failed to show imminent physical danger), *report and recommendation adopted*, 2025 WL 1151075 (E.D. Cal. April 18, 2025), *appeal dismissed*, 2025 WL 3205862 (9th Cir. Oct. 23, 2025).

Accordingly, it is hereby ORDERED:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further RECOMMENDED:

1. Plaintiff's motions to proceed *in forma pauperis* (Doc. Nos. 2 & 7) be DENIED under § 1915(g); and

2. Plaintiff be ordered to pay the $405.00 filing fee in full, absent which the Court dismiss this action without prejudice.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District

6

1  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
2  after being served with a copy of these Findings and Recommendations, a party may file written
3  objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned,
4  "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**
5  **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party
6  wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its
7  CM/ECF document and page number, when possible, or otherwise reference the exhibit with
8  specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by
9  the District Judge when reviewing these Findings and Recommendations under 28 U.S.C.
10 § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the
11 waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   December 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE