**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVON SAMUEL JAMES SINGLETON PERKINS,<br><br>                    Plaintiff,<br><br>          v.<br><br>DELA CRUZ, et al.,<br><br>                    Defendants. | Case No.  1:25-cv-01756-JLT-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PAYMENT OF THE FILING FEE WITHIN THIRTY DAYS<br><br>(Docs. 2, 7, 9) |

Devon Samuel James Singleton Perkins is a state prisoner proceeding pro se on his Complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff filed an application to proceed *in forma pauperis*.  (Docs. 2, 7.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge issued Findings and Recommendations to deny Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and order Plaintiff to pay the $405.00 filing fee in full to proceed with this action.  (*See* Doc. 9.)  Specifically, the assigned magistrate found that Plaintiff has accumulated more than three "strikes" and failed to demonstrate that he meets the imminent danger exception under 28 U.S.C. § 1915(g).  (*Id.*)  Plaintiff timely filed objections.  (Doc. 10.)

In his objections, Plaintiff argues that, notwithstanding his three prior strikes, he qualifies for *in forma pauperis* status under the "imminent danger" exception in 28 U.S.C. § 1915(g),

because "every time [Plaintiff] has been let out of [restricted housing] at K.V.S.P. his life has been under some kind of 'imminent danger . . .'" (Doc. 10 at 1.)  Plaintiff further alleges that officers at Kern Valley State Prison (KVSP) have prevented Plaintiff from accessing the courts and Plaintiff had to stab another inmate out of fear for his life.  (*Id.* at 2-5.)

The Court has reviewed the record and finds the objections unpersuasive.  As correctly noted in the Findings and Recommendations, allegations that arise out of a single occasion of excessive force fail to present an ongoing imminent danger.  *Garrett v. Pat. Horn, Warden of Kern Valley State Prison*, No. 1:25-cv-00128-HBK (PC), 2025 WL 868899, at *13 (E.D. Cal. Mar. 20, 2025) (finding a single incident of excessive force occurring months prior to the filing of the complaint failed to show imminent physical danger), *report and recommendation adopted*, 2025 WL 1151075 (E.D. Cal. April 18, 2025), *appeal dismissed*, 2025 WL 3205862 (9th Cir. Oct. 23, 2025).

Though Plaintiff asserts he is at risk anytime he leaves restricted housing at KVSP, such "[o]verly speculative and fanciful allegations do not plausibly show imminent danger." *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI-MJS, 2015 WL 5255377, at *6 (E.D. Cal. Sept. 9, 2015).  Furthermore, to the extent Plaintiff argues that his fear for his life leading to the stabbing incident on November 25, 2025, places him in imminent danger, he has failed to state how this fear relates to the claims he attempts to bring in the instant lawsuit.  *Ray v. Lara*, 31 F.4th 692, 700-701 (9th Cir. Apr. 11, 2022) ("the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint").

Plaintiff's objections also include arguments that the qualifying strikes occurred while he was at KVSP where staff allegedly interfered with his legal work.  (Doc. 10 at 2-6.)  However, as the magistrate judge correctly found, Plaintiff has three or more cases that qualify as strikes under the PLRA.  (Doc. 9 at 5.)  Plaintiff's objections do not challenge the designation of those cases as strikes.  Furthermore, to the extent Plaintiff alleges his due process rights have been violated by the interference with his legal mail, such violations do not constitute "imminent physical danger" required to bypass the filing fee.  *Maldonado-Ramirez v. Francisco*, No. 1:23-cv-00162-HBK (PC), 2023 WL 2327471, at *7 (E.D. Cal. Mar. 2, 2023), *report and recommendation adopted,* 2023 WL 2918622 (E.D. Cal. Apr. 11, 2023) (finding that due process allegations fail to

demonstrate imminent danger warranting an exception to the PLRA three-strikes rule).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case.  Having carefully reviewed the entire file, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**

1. The Findings and Recommendations issued on December 22, 2025 (Doc. 9) are **ADOPTED** in full;

2. Plaintiff is **PRECLUDED** from proceeding *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g); and

3. Plaintiff **SHALL** pay the $405.00 filing fee within **thirty (30) days** of the date of service of this order.  If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:   **January 22, 2026**

UNITED STATES DISTRICT JUDGE

3