# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

DEVON SAMUEL JAMES SINGLETON PERKINS,

Plaintiff,

v.

DELA CRUZ, et al.,

Defendants.

Case No.  1:25-cv-01756 JLT HBK (PC)

ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE

(Doc. 12)

On January 22, 2026, the Court ordered Plaintiff to pay the filing fee in full within 30 days, after finding that has accumulated more than three "strikes" and failed to demonstrate that he meets the imminent danger exception under 28 U.S.C. § 1915(g). (Doc. 12.) Despite the Court's warning that failure to pay as ordered would result in dismissal of the action (*id.*), Plaintiff failed to pay the filing fee.

Without payment, the action cannot proceed. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022). Dismissal of this action is therefore appropriate. In reaching this conclusion, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*

*v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest. in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Finally, the Court's warning to Plaintiff that the matter could be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").[1] Thus, the Court **ORDERS**:

1. The action is **DISMISSED** without prejudice for failure to pay the filing fee.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

IT IS SO ORDERED.

Dated:   **March 16, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Since the January 22, 2026 order issued, Plaintiff has filed five documents (Docs. 16-20) addressing various matters, but none of them call into question the Court's earlier finding that he has accumulated three strikes and has not articulated imminent danger related to the allegations in his complaint.

2